# IN THE SUPREME COURT OF THE STATE OF NEVADA

ISRAEL LOPEZ,
Appellant,
vs.
RENEE BAKER, WARDEN,
Respondent.

No. 76383

**FILED**

FEB 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying appellant Israel Lopez's postconviction petition for a writ of habeas corpus.[1] Eleventh Judicial District Court, Pershing County; Jim C. Shirley, Judge.

Lopez argues that the district court erred in denying his petition because he is entitled to have additional credits applied to his minimum term of incarceration pursuant to the 2007 amendments to NRS 209.4465. We disagree.

Lopez was convicted of burglary while in possession of a firearm (a category B felony) and second-degree murder. The sentences imposed for those offenses were set to run consecutively, and Lopez began serving his burglary sentence first. Under the version of NRS 209.4465 in effect when he committed that offense, he was entitled to have 10 days deducted from his sentence for each month he served pursuant to NRS 209.4465. Those 10 days were deducted from his minimum and maximum term of incarceration because the burglary statute set out a minimum-maximum

---

[1]Having considered the pro se brief filed by Lopez, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

19-07800

sentence. *See* NRS 205.060(4); *Williams v. Nev., Dep't of Corr.*, 133 Nev., Adv. Op. 75, 402 P.3d 1260, 1262 (2017).

In 2007, NRS 209.4465(1) was amended to increase the amount of credits from 10 to 20 days per month. 2007 Nev. Stat., ch. 25, § 5, at 3176. That provision applied retroactively "to reduce the minimum term of imprisonment of an offender described in subsection 8 of NRS 209.4465." 2007 Nev. Stat., ch. 25, § 21(a), at 3196. In turn, NRS 209.4465(8)(d) provided that credits earned pursuant to NRS 209.4465 did not apply to an offender's minimum term of incarceration if he was convicted of a category B felony. 2007 Nev. Stat., ch. 25, § 5, at 3177. As explained above, burglary while in possession of a firearm is a category B felony. Thus, Lopez was not an offender identified in NR 209.4465(8), and the retroactive provision did not apply to him.[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:  Hon. Jim C. Shirley, District Judge
 Israel Lopez
 Attorney General/Carson City
 Pershing County Clerk

---

[2]Further, Lopez discharged his sentence for burglary before he filed the petition and cannot receive retroactive parole. *See Williams*, 133 Nev., Adv. Op. 75, 402 P.3d at 1265 n.7 ("[No relief can be afforded where the offender has already expired the sentence, or appeared before the parole board on the sentence" (internal citations omitted)). His reliance on *Garlotte v. Fordice*, 515 U.S. 39, 40-41 (1995), is misplaced, as that case discussed the "custody" requirement under the federal habeas statutes.

SUPREME COURT
OF
NEVADA

(O) 1947A